ORIGINAL

# In the United States Court of Federal Claims

No. 14-121C
(Filed: July 16, 2014)

FILED

JUL 1 6 2014

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

FREDERICK BROWN,

       *Plaintiff,*

v.

THE UNITED STATES,

       *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff, appearing *pro se*, alleges that the government wrongfully confiscated his disability benefits. Defendant has moved to dismiss, arguing that the court lacks subject matter jurisdiction. Also pending are plaintiff's motion to transfer and motion for leave to amend the complaint. For the reasons set forth below, we grant defendant's motion to dismiss and deny plaintiff's motion to transfer and motion for leave to amend the complaint.[1]

## I. Background

On February 27, 2012, plaintiff submitted a claim to the Social Security Administration ("SSA") for the payment of benefits withheld since 2001 pursuant to a garnishment. He alleged that the garnishment was improper because the garnishment order did not contain his correct Social Security Number.

On February 11, 2014, plaintiff filed his complaint here for the alleged theft of his Social Security disability benefits. Plaintiff alleges that agents and

---

[1] Defendant also attempted to file an untimely motion for an extension of time within which to file its reply in support of its motion to dismiss. We allow that motion to be filed and deny it as moot.

employees of the federal government committed negligent and wrongful acts and omissions in violation of the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346(b) (2012). Plaintiff also alleges violations of his civil rights under the First, Fourth, Fifth, and Fourteenth Amendments.

On April 4, 2014, before defendant responded to the complaint, plaintiff filed a motion to transfer, requesting that the court determine whether to transfer his case to district court. The motion states that, if the court decides not to hear the case because it "may or may not have a tort component," then the case should be transferred to district court pursuant to 28 U.S.C. § 1631 (2012).

Defendant opposes the motion to transfer on the grounds that the district court would not have jurisdiction, as required by 28 U.S.C. § 1631, arguing that the true nature of plaintiff's claim is a challenge to the SSA's garnishment actions. Thus, in defendant's view, the district court does not have jurisdiction under the FTCA because a challenge to the SSA's garnishment actions is not a tort claim. Defendant also argues that plaintiff could not challenge the SSA's garnishment action because 42 U.S.C. § 405(h) (2012) provides that "[t]he findings and decision of the Commissioner of Social Security after a hearing shall be binding." On May 21, 2014, defendant filed a motion to dismiss pursuant to Rule 12(b)(1), focusing on plaintiff's FTCA claims and arguing that the court lacks subject-matter jurisdiction over tort claims.

In a filing he styles "Plaintiff's Response to Defendant's Response to Plaintiff's Motion to Transfer," plaintiff now concedes that the district court would not have jurisdiction in this case, but this court does because he had an implied contract with the government that was breached when he no longer received social security benefits. He also argues that his Fifth Amendment rights were violated when the government took his right to receive social security benefits.

On June 6, 2014, plaintiff filed a motion to amend his complaint, adding a conspiracy claim and clarifying that he was "not filing a tort claim." Plaintiff filed a subsequent memo in which he claimed that he had an implied contract with the government that was breached. Plaintiff argues in that document for the first time that an independent right to money damages arose when he was prevented from traveling to Mexico because the State Department refused to re-issue his passport on the allegedly false grounds that plaintiff owed child support.

On June 16, 2014, plaintiff responded to defendant's motion to dismiss, explaining that the implied contract referred to in his motion to amend originates through his participation in the SSA's Ticket to Work program. In addition, he claims the taking of his disability benefits constituted a violation of the Takings Clause of the Fifth Amendment.[2]

In his final filing, "Plaintiff's Memorandum In Support of The Supplement to Plaintiff's Response to Defendant's Motion to Dismiss," plaintiff argues that the government took his money in violation of his due process rights under the Fifth Amendment. He also argues again that his participation in the Ticket to Work program created a contract with the government.

## II. Jurisdiction

Jurisdiction is a threshold matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). The court may raise the issue *sua sponte* at any time. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). The plaintiff has the burden of establishing jurisdiction. *Wagstaff v. United States*, 105 Fed. Cl. 99, 108 (2012). Although plaintiff is appearing *pro se*, and *pro se* litigants are afforded latitude, that cannot excuse jurisdictional failings. *See Kelly v. U.S. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("a court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants only").

The Tucker Act, 28 U.S.C. § 1491, is the principal statute governing the jurisdiction of the Court of Federal Claims. Under the Tucker Act, this court has jurisdiction primarily over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a) (2012). A plaintiff must either claim a breach of contract by the United States or identify a constitutional provision, statute, or regulation which mandates that plaintiff be paid money by the federal government. *See United States v. Testan*, 424 U.S. 392, 398 (1976). Tucker Act jurisdiction is preempted, however, where Congress "has enacted a precisely drawn,

---

[2] Defendant has not yet replied to plaintiff's response. We need not wait for defendant file its reply because it is clear that we lack jurisdiction over plaintiff's complaint.

comprehensive and detailed scheme of review in another forum." *St. Vincent's Medical Center* v. *United States*, 32 F.3d 548, 550 (Fed. Cir. 1994). In deciding a motion to dismiss under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the court must assume that all factual allegations in the complaint are true and draw all reasonable inferences in plaintiff's favor. *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). The court does not have jurisdiction over any of plaintiff's claims.

### A. Tort Claims

As to plaintiff's tort allegations under the FTCA, this court does not have jurisdiction over cases sounding in tort. 28 U.S.C. § 1491 (excluding cases "sounding in tort"); *Gable v. United States*, 106 Fed. Cl. 294, 297 (2012) ("The United States Court of Federal Claims does not have jurisdiction to adjudicate tort claims.").[3] The FTCA grants exclusive jurisdiction to the district courts to hear claims arising under it. 28 U.S.C. § 1346(b)(1). Plaintiff's tort claims must be dismissed for lack of jurisdiction.

### B. Constitutional and Civil Rights Claims

Plaintiff's allegations of civil rights violations, including his Fifth Amendment due process rights, also belong in the district courts. *See Willis v. United States*, 96 Fed. Cl. 467, 470 (2011) ("It is well settled that jurisdiction for civil rights claims . . . lies exclusively in the district courts."). To the extent that plaintiff cites the Constitution as a source of jurisdiction, he must allege a violation of a provision that is money-mandating. *Hernandez v. United States*, 93 Fed. Cl. 193, 197-99 (2010). Plaintiff identifies the First, Fourth, and Fourteenth Amendments but does not discuss how they apply to his allegations. In any event, the First Amendment does not mandate the payment of money and is therefore not a basis for jurisdiction in this court. *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983). Nor does the Fourth Amendment mandate a payment of money by the United States. *Fry v. United*

---

[3] Plaintiff also alleges a conspiracy by SSA employees and departments of the federal government to harm him. Claims resting on the acts of individual employees or agents of the United States fall outside of the court's jurisdiction because "the *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003).

*States*, 72 Fed. Cl. 500, 507 (2006) ("As a matter of law, the Fourth Amendment's prohibition on unreasonable search and seizure . . . [is] not money-mandating."). The Fourteenth Amendment applies only to states and cannot support a claim against the federal government. *Lowe v. United States*, 79 Fed. Cl. 218, 231 n.11 (2007).

### C. Implied-in-Fact Contract

Plaintiff alleges that his participation in the SSA's Ticket to Work program created an implied contract with the government that was breached when the SSA garnished his disability benefits and thus did not allow him to participate in the Ticket to Work program. He correctly notes that the court's Tucker Act jurisdiction includes claims based on an implied-in-fact contract with the government. *See United States v. Mitchell*, 463 U.S. 206, 215 (1983) (citing 28 U.S.C. § 1491).

Individuals entitled to social security disability benefits can choose to participate in the Ticket to Work program to receive help finding and retaining employment. *See* 20 C.F.R. § 411.105 (2014) (stating the purpose of the Ticket to Work program). An individual in the Ticket to Work program receives a ticket from the SSA to then give to an employment network or state vocational rehabilitation agency. 20 C.F.R. § 411.120. The SSA then agrees to pay an employment network or state vocational rehabilitation agency to which the individual's ticket is assigned to help the individual obtain employment. *Id.* An individual's ticket is terminated when he or she is no longer eligible to participate in the Ticket to Work program, which occurs when the individual is no longer eligible for disability benefits. 20 C.F.R. § 411.155.

Plaintiff has not, nor could he, allege a contractual relationship with the United States for his social security benefits. The relationship between Mr. Brown and the United States in this regard is statutory in nature, controlled by the Social Security Act. Pursuant to that statutory framework, he has been previously considered eligible for certain disability benefits. As we explain below, vindication of those rights is provided for by statute in the district court. *Cf. Jackson v. United States*, 80 Fed. Cl. 560, 567 (2008) (holding that plaintiff's claim for veterans benefits was not a contractual claim and belonged under the comprehensive administrative scheme provided for in other forums).

D.  Social Security Claims

The Social Security Act provides for review in district courts to challenges of a final decision by the Commissioner of the SSA. 42 U.S.C. § 405(g) (2012); *Addams-More v. United States*, 81 Fed. Cl. 312, 315 (2008) ("The Court of Federal Claims does not have jurisdiction over claims arising from the Social Security Act."). This court therefore does not have jurisdiction over plaintiff's claims regarding the Ticket to Work program or any other social security benefits allegedly denied plaintiff. Furthermore, we do not have jurisdiction over plaintiff's claims for  compensation under the Fifth Amendment for the taking of his social security disability benefits. *See Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) ("We hold that the Claims Court has no jurisdiction under the Tucker Act . . . over claims to social security benefits, even considering appellant's assertions that he is entitled to relief under the Constitution.") (citing *Weinberger v. Salfi*, 422 U.S. 749, 756-67 (1982)). To the extent that plaintiff seeks review of child support orders, we note that such claims belong in state court.[4]

E.  Other Claims

Plaintiff correctly notes that the Tucker Act is only a jurisdictional statute and that there must be an independent source of substantive law which creates a right to money damages. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Plaintiff argues that an independent right to money damages was created when he could not travel to his company in Mexico because the State Department refused to re-issue his passport on the allegedly false grounds that plaintiff owed child support. The right to money damages must come from a breach of contract or a statute, regulation, or constitutional provision that can fairly be interpreted as mandating compensation by the Federal Government." *Mitchell*, 463 U.S. at 216-17; *Testan*, 424 U.S. at 400. Plaintiff did not have a contract with the government to give him a passport and has not identified a substantive related right mandating compensation. Therefore, the court does not have jurisdiction over plaintiff's claims regarding the State Department's interference with his travel to Mexico. The State Department's reluctance to issue plaintiff a passport does not give rise to a

---

[4]Under limited circumstances not applicable here, such questions can be heard in district court if certified by the Secretary of Health and Human Services. *See* 42 U.S.C. § 660 (2014).

claim cognizable under the Tucker Act.[5]

## III. Amendment

Rule 15(a) of the Rules of the United States Court of Federal Claims allows a party to amend a

> pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

RCFC 15(a). "The decision to grant or deny an amendment lies within the reasonable discretion of the trial court." *Emerald Coast Finest Produce Co. v United States*, 76 Fed. Cl. 445, 450 (2007). A motion to amend may be denied for "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, *futility of amendment*, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added). Plaintiff is too late for amendment as a matter of course, and it would be futile to allow him to amend now because the court does not have jurisdiction over any of the allegations raised in the proposed amendment. Therefore, plaintiff's motion to amend is denied.

## IV. Transfer

To transfer a case, the transferor court must lack jurisdiction, the transfer must be in the interest of justice, and the transferee court must be one in which the action could have been brought at the time the claim was filed. 28 U.S.C. § 1631; *see Rodriguez v. United States*, 862 F.2d 1558, 1559-60 (Fed. Cir. 1988). The decision to transfer rests within the sound discretion of the transferor court. *Siegel v. United States*, 38 Fed. Cl. 386, 390 (1997). While we clearly lack jurisdiction, it is far from clear that the district court has

---

[5]To the extent that any of plaintiff's numerous allegations are not addressed specifically in this order, we are satisfied that they do not fall within this court's jurisdiction.

7

jurisdiction. Jurisdiction under the FTCA is contingent on a timely filing after denial of an administrative claim. *See* 28 U.S.C. § 2401(b) (2012) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented"); *In Re Franklin's Sav. Corp.*, 385 F.3d 1279, 1287 (10th Cir. 2004) ("[T]he district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in § 2401(b)."). It is not clear from plaintiff's complaint whether plaintiff timely raised his tort claims to the Social Security Administration and it appears likely that an appeal to district court at this time would be untimely.

A similar problem arises with regard to plaintiff's social security claims. Those claims must first be made administratively to the agency and then later appealed to the district courts. *See* 42 U.S.C. § 405(g) (2012). Although it appears that plaintiff raised at least some claims to the SSA, it is not clear whether plaintiff would fall within the window of time for appealing to the district court. *Id.* ("Any individual, after any final decision by the Commission of Social Security made after a hearing . . . may obtain a review of such decision by a civil action commenced within sixty days after mailing to him of notice of such decision . . . .").

The facts are unclear as to whether plaintiff has exhausted his administrative relief procedures or if his claims would be considered timely in the district court. We therefore conclude that it would not be in the interest of justice to transfer plaintiff's case to the district court.

## V. Conclusion

This court lacks jurisdiction over any of plaintiff's claims. Accordingly, the case must be dismissed for lack of jurisdiction. Plaintiff's motions to amend and transfer are denied. Defendant's motion to dismiss is granted. The Clerk of Court is directed to dismiss the complaint without prejudice. No costs.

_____
ERIC G. BRUGGINK
Judge